LEONCIA BOYRIÉ VÁZQUEZ DE SILVA, together with her husband DOMINGO SILVA, and JUAN BOYRIÉ VÁZQUEZ, Plaintiffs and Appellees, *v.* FERNANDA MARIÑO, FRANCISCO DE DIEGO and JOHN DOE and RICHARD ROE, holders of notes secured by mortgage, Defendants and Appellants.

No. 8158. Argued March 13, 1941.—Decided March 19, 1941.

*José J. Aponte, Ubaldo Aponte* and *José C. Aponte,* for the appellants. *Pedro E. Anglade,* for the appellees.

Mr. Justice De Jesús delivered the opinion of the Court.

The plaintiffs, Leoncia and Juan Boyrié Vázquez, were adjudged to be natural acknowledged children of Cándido de los Santos Boyrié by judgment rendered by this Court on March 24, 1938, in the case of *Vázquez* v. *Boyrié,* 52 P.R.R. 826, and on February 2, 1939, they filed a complaint in the lower court entitled "claim of inheritance and nullity of actions" in which, among other things, they alleged that the properties left by their father had produced since his death on June 10, 1929, the sum of $23,707.70, and that half of said sum, or $11,853.85, belongs to them. In order to secure the effectiveness of the judgment, in regard to the sum of $11,853.85 claimed by them as the proceeds from the properties left by their father, the plaintiffs filed a motion requesting the attachment of the defendants' properties, which motion after setting forth the facts already narrated, ends with the following prayer:

"For these reasons we respectfully request the court to order the marshal to attach, without the giving of a bond by the plaintiffs, *properties of the defendant,* in a sufficient amount to cover the sum of $11,853.85, plus the costs, expenses and attorney's fees, and to order the marshal furthermore . . . *to attach the rents of the properties described in the complaint, in such a way as to cover the sum of $11,853.85 with legal interest from the date on which said pay-*

*ments were made to the defendant.* We request the court further-more to appoint the marshal custodian over the real property to be attached, that is, over the rents which will fall due in the future, in order that he may collect the same and have them deposited under his care until the final termination of this case.'' (Italics supplied.)

In accordance with the motion to secure the effectiveness of the judgment what the plaintiffs are trying to secure is their claim to the amount of $11,853.85 with interest, and to that end they request the attachment of the defendant's properties—the defendant being the widow of the deceased—and the rents of the properties which they allege belong to the inheritance. The order of attachment provided as follows:

'' . . . That the marshal of this court shall proceed to attach properties belonging to the defendant Fernanda Mariño in a sufficient amount to cover the sum of $11,853.85, plus interest at 6% per annum from the date of each payment, plus the costs, expenses and attorney's fees, it being ordered furthermore that *the rents produced by said properties shall be attached as they fall due in the future,* the marshal depositing said sums to his name in a bank of this locality until further order of the court; *all this being done without the giving of a bond by the plaintiff, because their right to claim the inheritance was upheld by the Supreme Court of Puerto Rico in the judgment rendered in the case of Vázquez v. Boyrié,* 52 P.R.R. 826.'' (Italics supplied.)

The properties which the marshal was ordered to attach were the 13 parcels described in the complaint as belonging to the estate.

On the 23 of the same month the defendant Fernanda Mariño filed a motion attacking the validity of the attachment: (1) because it was ordered by the court without giving bond, the enforceability of the obligation claimed not being shown by an authentic document; (2), because although real property had been attached, the marshal's return did not show that said attachment had been recorded in the registry of property; and, (3), because said return does not state that

the defendant Mariño had been notified of said attachment. After a hearing, the court denied defendant's motion, and granted the plaintiffs a period of ten days to have the attachment recorded in the registry of property. The defendant Mariño appealed from said order.

██ The law recognizes in one who demands the fulfillment of an obligation the right to have the court adopt all necessary measures to secure the effectiveness of the judgment which may be rendered in case of a successful outcome of the suit. The exercise of ᵤᵤis right will in all probability be detrimental to the defendant as the owner of the attached property if it is finally decided that the plaintiff did not have a right to enforce the obligation object of the suit. It is evident that when the enforceability of the obligation is clearly shown by an authentic document, defendant will hardly be affected by the attachment, since that evidence cannot be contradicted but on rare occasions. That is the reason why, when the enforceability of an obligation is shown by an authentic document, the same as when the attachment is requested after judgment has been rendered in favor of the plaintiff, the giving of a bond is not required. Now then, does it appear clearly from an authentic document that the collection of the $11,853.85, that the plaintiffs claim as rents is enforceable? The only authentic document that the trial judge had before him was a judgment of this Court wherein it was held that the plaintiffs were the natural acknowledged children of the deceased whose inheritance they claim. Without doubt, from that authentic document the right of the plaintiffs to claim their participation *in the inheritance that may have been left by their father* appears clearly; but from the terms of said judgment for filiation it nowhere appears that such property exists and much less that it has produced rents received by the defendants in the amount of $11,853.85, which they state, nor in any other amount.

It is true that in the sworn complaint thirteen real properties are described as belonging to the inheritance but this

is not the authentic document contemplated by the law since if this were so it would be sufficient to swear a complaint and then the plaintiffs could secure the effectiveness of a judgment without filing any bond.

If besides said judgment, the lower court had had before it authentic proof of the death of the deceased and a certificate from the registry of property stating that there existed or that at the time of his death there existed property belonging to the inheritance, these documents would have been sufficient to authorize the lower court to attach property without a bond to secure the participation of the plaintiffs on the rents that said properties might produce from the date of the order for the security of the judgment by attaching said rents as they fall due or were produced in the future. They could also, by presenting said documents, have secured by an attachment their rights in the properties of the inheritance, though this they could have done more easily by noting their complaint in the registry of property; but they could in no way secure the $11,853.85, with interest, without giving bond which as rents produced or which should have been produced they claim in this complaint, even though the three documents were presented to the judge, simply because the enforceability of the collection of that amount does not appear from the judgment in filiation nor could it appear from the other two documents referred to. The certainty and amount of said sum because it had been previously collected by the defendant for some time—as the plaintiffs allege—would be very difficult to determine, depending on circumstances and liquidations which do not appear in an authentic manner, contrary to what would happen to the rents produced after the order of attachment which because they are new are easy to identify.

The question is not new in this jurisdiction. In the case of *Roig* v. *Landrau*, 29 P.R.R. 294, this Court through its then Associate Justice Mr. Del Toro, stated as follows:

"In our opinion the district court construed correctly section 4 of the act to secure the effectiveness of judgments, of 1902, which provides that if it be clearly shown by means of any authentic document that the fulfillment of the obligation may be legally enforced, the court shall decree the remedy without bond, and that in any other case it shall be required that a bond be furnished.

"It is true that the contract entered into was set out in a public document, but the amount sued for, although arising from or depending on that contract, is subject to data, calculations and liquidations which do not appear in any authentic form. And this being so, the application of the law finally made by the district court is in accord with its spirit. Otherwise, it would be sufficient that the basis of an obligation whose development and extent depend upon future facts should appear in a public instrument in order to grant without bond an attachment against properties of the obligee for a sum claimed upon the mere unverified allegation of the plaintiff, as in the present case."

The conclusion we have reached relieves us of the necessity of discussing the other two errors assigned by the appellant.

Therefore, the decision appealed from must be reversed and the order of attachment rendered in this case annulled, and any other action taken based on the said order must also be annulled.